UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DORU TSAGANEA,
          Plaintiff,
    -against-                                   06 Civ. 15366 (DAB)(JCF)(Pro Se)
THE CITY UNIVERSITY OF NEW YORK
and BARUCH COLLEGE
          Defendants
-----------------------------------------------------------x

*Objections to R+R*

**PLAINTIFF'S REQUEST FOR APPELLATE REVIEW**

To: The Clerk of the Court
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Expressing my gratitude to Hon. James C. Francis IV, U.S.M.J. for the study and analysis of my case, and thanking him for his recommendation with regard to my retaliation complaint, I respectfully ask for an appellate review of his Honor's recommendation with regard to my discrimination complaint.

I base my request on the following remarks.

1. I had a longer and richer teaching experience than any of the five candidates selected for interviews including Dr. Ripsman. I also had five and a half years of teaching and student advising experience at Baruch College that none of the selected candidates had had. All my evaluations - from colleagues and students – were very good. Therefore, from the point of view of my teaching experience I was better qualified for that specific position at Baruch College than any of the five selected candidates. In this context, my letters of recommendations are irrelevant or very little relevant taking into consideration that Prof. Lentner was one of the two most

1

influential persons in eliminating me from the selection and hiring process[1], and Prof. Sheingorn's letter was in fact not a letter a recommendation.

The specificity of mathematical modeling makes the number of publications in itself a non relevant means for evaluating the creativity and potential of a scholar. The quality and significance of his/her research are paramount, and these were totally disregarded by the selection committee.

For these reasons and for all the others presented in my previous letters, affidavits and memoranda I respectfully disagree with the assertion that "[a]lthough it may have put more emphasis on some criteria than on others, the selection committee does not appear to have departed from the criteria in CUNY's Bylaws and policy." In fact the selection committee has completely departed from those bylaws and policy by using only one unlisted sub-criterion (which does not belong to the most important criterion) instead of the ten clearly specified criteria. The committee proceeded in this way in order to prevent my selection among the five finalists.

2. The inclusion of Mr. Zhiqun Zhu among the five candidates invited for an interview was in contradiction with the CUNY Bylaws. At the time of his application he did not have a Ph.D. and in accordance with the CUNY Bylaws, the position was not opened to ABD (all but dissertation) candidates. An attentive reading of his file (provided by the defendants themselves) indicates that 2003 is listed as the year of his Ph.D. only in his curriculum vitae and in Prof. Puchala's letter of recommendation[2]. It is not indicated as the probable year of his Ph.D. in the other three letters of recommendation enclosed in his file. The curriculum vitae is not signed and it is not dated. It is included in a placement file mailed by the Ph.D. placement coordinator on November 22, 2002. Therefore the curriculum vitae was written before that date, and subsequently, this necessarily implies that 2003 was the year in which Mr. Zhu hoped or expected to receive his degree, but not the year of his degree.

The inclusion of Mr. Zhiqun Zhu among the five persons invited for interviews denied the opportunity to compete not only to me, but also to all the other applicants who have one or two Ph.D.s at the time of the application. The defendants' explicit claim that Mr. Zhu was better qualified than me and their implicit claim that he was better qualified than all the others who

---

[1] Prof. Lentner was the senior professor of international relations in the Department of Political Science of Baruch College, and the open position was in the field of international relations.

[2] It is probable that Prof. Puchala was Mr. Zhu's Ph.D. adviser because he is listed as committee chair in the curriculum vitae. In his letter, dated August 20, 2002, Prof. Puchala wrote "He has completed all requirements for Ph.D. except the dissertation, which he will be defended during academic 2002-2003." But this does not mean that Mr. Zhu defended his dissertation and received his Ph.D. degree in 2002 when he applied, or in January 2003 when the Political Science Department invited him. The curriculum vitae is written in such a way as to suggest that Mr. Zhu had a Ph.D. when – de facto - he did not have one.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

__DORU TSAGANEA__
__Plaintiff__
_(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)_

- against -

__CITY UNIVERSITY OF NEW YORK__
__and BARUCH COLLEGE__
__Defendants__
_(In the space above enter the full name(s) of the defendant(s)/respondent(s).)_

__06__ Civ. __DAB JCF PDC SC__

AFFIRMATION OF SERVICE

I, __Doru Tsaganea__, declare under penalty of perjury that I have
served a copy of the attached __Objections to the Report and Recommendation of His Honor Judge J.C. Francis IV__
_(document you are serving)_
upon __Clement J. Colucci__ _(name of person served)_ whose address is
__120 Broadway, New York, NY 10271__
_(where you served document)_
by _____
_(how you served document: For example - personal delivery, mail, overnight express, etc.)_

Dated: __New York__, __NY__
       (town/city)   (state)
__Feb.__ __9__, 20__10__
(month) (day) (year)

Signature: _[signature]_
Address: __19 Vermilyea Avenue #3B__
City, State: __New York, NY__
Zip Code: __10034__
Telephone Number: __(212) 569-8481__

Rev. 05/2007