USDC
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 3/23/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DORU TSAGANEA,

                         Plaintiff,                    06 CV 15366 (DAB)
     -against-                                         ORDER

THE CITY UNIVERSITY OF NEW YORK
and BARUCH COLLEGE,

                         Defendants.
----------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     On January 27, 2010, United States Magistrate Judge James C.

Francis issued a Report and Recommendation ("Report"),

recommending that Defendants' Motion for Summary Judgment be

GRANTED in part and DENIED in part. (Report at 1.)  Specifically,

Judge Francis recommends that the Motion be GRANTED as to Pro Se

Plaintiff's discrimination claim and DENIED as to Plaintiff's

retaliation claim.  (Id. at 16.)  For the reasons set forth

below, after a de novo review following the objections of

Parties, the Report and Recommendation of Magistrate Judge

Francis dated January 27, 2010 shall be adopted as to its factual

recitations (id. at 2-6), and its findings and recommendations

regarding Plaintiff's discrimination claim (id. at 8-19), and

shall be modified as to its findings and recommendations

regarding Plaintiff's retaliation claim.  Accordingly, the Court

grants Defendants' Motion for Summary Judgment in its entirety.

I.    Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a
Magistrate Judge's Report and Recommendation], a party may serve
and file specific written objections to the proposed findings and
recommendations."   Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. §
636(b)(1)(C).   The court may adopt those portions of the report
to which no timely objection has been made, as long as there is
no clear error on the face of the record.   Wilds v. United Parcel
Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003).   A district
court must review de novo "those portions of the report or
specified proposed findings or recommendations to which objection
is made."   28 U.S.C. § 636(b)(1)(C).   "To the extent, however,
that the party makes only conclusory or general arguments, or
simply reiterates the original arguments, the Court will review
the Report strictly for clear error."   Indymac Bank, F.S.B. v.
Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043,
at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558
F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should
review a report and recommendation for clear error where
objections are merely perfunctory responses, argued in an attempt
to engage the district court in a rehashing of the same arguments
set forth in the original petition.") (citation and internal

2

quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

Pro Se Plaintiff and Defendants have each filed timely objections to Magistrate Judge Francis' Report. Plaintiff objects to the Report's findings and recommendation that summary judgment be granted as to his discrimination claim, and Defendants object to the Magistrate's findings and recommendation sustaining Plaintiff's retaliation claim beyond summary judgment. The Court takes each of these in turn here, applying a de novo review as appropriate to the specific objections of Parties.

II.  Discrimination Claim

Plaintiff objects to the Report's recommendation that summary judgment be granted to Defendants as to his discrimination claim.  (See Pl.'s Objs.)  However, Plaintiff's objections merely reiterate the argument he made in opposition to summary judgment: that is, that the selection committee departed from CUNY's requirements when selecting candidates for interviews, and therefore the hiring criteria were a pretext for discrimination.  (Pl.'s Objs. at 2.)  Specific to the Report, Plaintiff argues that, contrary to the Magistrate's finding that "[a]lthough it may have put more emphasis on some criteria than on others, the selection committee does not appear to have departed from the criteria in CUNY's Bylaws and policy," "[i]n fact the selection committee has completely departed from those bylaws and policy. . ."  (Id.)  However, Plaintiff adds no new evidence or arguments in support of this claim that would make it any more convincing than when it was first presented to, and rejected by, Judge Francis.  Plaintiff's asserts that his "longer and richer teaching experience" made him "from the point of view of my teaching experience . . . better qualified" for the assistant professor position than any of the five candidates selected for interviews.  (Pl.'s Objs. at 1.)  However, teaching experience is only one of numerous criteria set forth in the CUNY

4

Bylaws and Academic Personnel Policy for selecting and hiring assistant professors, and Defendants have demonstrated that the candidates who were selected for interviews possessed equal or superior qualifications to Plaintiff as to the remaining criteria for consideration, for example, level of productive scholarship and quality of personality and character. (See Report at 14-18, citing CUNY Bylaws at 11.7(B)(2) and Academic Personnel Policy at 6-7, 9.) As Judge Francis correctly explained, "[i]f an employer decides to weigh some qualifications more heavily when selecting candidates, it is inappropriate for a court to question this value judgment absent some plausible showing that the employer's stated reasons are a pretext for discrimination." (Report at 17, citing Scaria v. Rubin, 117 F.3d 652, 654-55 (2d Cir. 1997); Byrnie v. Town of Cromwell Board of Educ., 243 F.3d 93, 103 (2d Cir. 2001).) Plaintiff has not made that showing. Accordingly, the Court adopts the Report's findings and recommendations as they pertain to Plaintiff's discrimination claim.

### III. Retaliation Claim

Plaintiff alleges that Defendants retaliated against him when they decided not to re-appoint him to a substitute assistant professor position after Plaintiff (1) wrote a letter of

complaint to the Chancellor of CUNY in February 2003 when he

learned that he had been denied an interview for the assistant

professor position, and (2) filed an April 8, 2003 discrimination

claim with the New York State Division of Human Rights ("SDHR").

In his Report and Recommendation to this Court, Judge Francis

recommends that the Court deny Defendants' Motion for Summary

Judgment as it pertains to Plaintiff's retaliation claim because

factual issues remain that cannot be decided summary judgment.

(Report at 28.)  Defendants' argue in their objections to the

report that summary judgment on this claim is appropriate because

(1) Plaintiff's own admissions reveal that his February 2003

letter to the Chancellor of CUNY was not "protected activity"

within the meaning of Title VII, and (2) Plaintiff has failed to

show that Defendants' legitimate, non-discriminatory reasons for

declining to re-appoint Plaintiff in May 2003 were pretextual.

(Defs.' Objs. at 2.)

To make out a prima facie case of retaliation under Title

VII, a plaintiff must show that "he engaged in protected

participation or opposition under Title VII, that the employer

was aware of this activity, that the employer took adverse action

against the plaintiff, and that a causal connection exists

between the protected activity and the adverse action, i.e., that

a retaliatory motive played a part in the adverse employment action." Sumner v. U.S. Postal Service, 899 F.2d 203, 208-209 (2d Cir. 1990). While "informal protests of discriminatory employment practices, including making complaints to management" may certainly constitute protected activity under Title VII, Sumner, 899 F.2d at 209, "there must be some form of [] indicia of a complaint made against an unlawful activity." Moran v. Fashion Institute of Technology, No. 00-CV-1275, 2002 WL 31288272, at *8 (S.D.N.Y. Oct. 7, 2002).

Upon de novo review, the Court agrees with Defendants that Plaintiff's February 2003 letter to the Chancellor of CUNY, Matthew Goldstein ("Goldstein") is not "protected activity" under Title VII, and cannot therefore form the basis of a retaliation claim. Plaintiff himself has conceded that his complaint to the Chancellor did not pertain to any form of illegal discrimination - based on national origin, religion or otherwise - but rather, discrimination against Plaintiff's political beliefs, which is not unlawful or actionable under Title VII. As Plaintiff explained in his opposition to Defendants' Motion for Summary Judgment:

> "What is essential . . . is to explain why my letter to Chancellor Goldstein 'contains absolutely nothing to suggest that plaintiff attributed his failure to be invited for an interview to discrimination based on his

national origin, religion, or any other ground covered by federal, state or local anti-discrimination laws.' The explanation is very simple and clear. When I wrote the letter addressed to Chancellor Goldstein . . . I did not know who were the five finalists and of course to whom the position would be offered. I learnt that the position was given to Dr. Ripsman in April, 2003, and who were the other four finalists about one year later . . . . Based on my previous deeply disappointing experience with the Graduate Center of CUNY, I was convinced when I wrote that letter that I was not invited because of my anti-communist political beliefs and of my support for efficient US defense policies in general, and anti-missile defense in particular."

(Pl.'s Responses to Defs.' Memo. of Law in Support of Mot. for Summary Judgment at 20-21, quoting Defs.' Memo. of Law in Support of Defs.' Mot. for Summary Judgment at 10.) Although "[a] complaint may constitute protected activity if an employee has a good faith and reasonable belief that the challenged action violates Title VII, even if the conduct is not actually illegal", Bass v. NYNEX, 02-CV-5171, 2004 WL 1941088, at *7 (S.D.N.Y. Sept. 1, 2004) (citing Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998)), Plaintiff himself admits that his letter to Chancellor Goldstein "contains absolutely nothing to suggest that plaintiff attributed his failure to be invited for an interview to discrimination based on . . . any other ground covered by federal, state or local anti-discrimination laws." Accordingly, Plaintiff's February 2003 letter to Chancellor Goldstein is not protected activity, and cannot form the basis for a retaliation claim under Title VII.

8

As to Plaintiff's claim that Defendants retaliated against him for filing of a discrimination claim with the SDHR on April 8, 2003, Defendants have submitted evidence that the adverse employment action in question - Defendants' decision not to re-appoint Plaintiff to the position of substitute assistant professor - occurred <u>before</u> Plaintiff filed his claim with the SDHR, rendering retaliation a chronological impossibility. Specifically, in March 2003, Plaintiff received a note from Dr. Thomas Halper ("Halper"), the Department Chair stating:

> "You'd asked [] about teaching here next fall.  As I said when we last talked, a week or so ago, we won't be needing many [International Relations] adjuncts, and so we won't be using your services."

(Note of Dr. Thomas Halper, at Colucci Decl., Ex. 16.)  Plaintiff cannot claim that Defendants retaliated against him for filing a discrimination claim against them in April 2003 if Defendants' decision not to re-appoint him was made in March 2003, before Plaintiff's claim was filed.

Even if the Court were to accept Plaintiff's characterization of Dr. Halper's note as addressing only teaching positions available at that time, with no bearing on the substitute assistant professor position that opened up in May 2003, the Court finds nonetheless that Defendants have provided legitimate, non-discriminatory reasons for not re-hiring

Plaintiff to that role, and that Plaintiff has not met his burden of showing that these reasons are a pretext for discrimination.

Retaliation claims under Title VII are analyzed under the same burden-shifting framework as discrimination claims. See Sumner, 899 F.2d at 208. While in building his prima facie case for retaliation, "a plaintiff can indirectly establish a causal connection . . . by showing that the protected activity was closely followed in time by the adverse employment action", Gorzynski v. Jetblue Airways Corp., --- F.3d ----, 2010 WL 569367, at *15 (2d Cir. 2010) (quoting Gorman-Bakos v. Cornell Coop. Extension of Schenectady County, 252 F.3d 545, 554 (2d Cir. 2001)), once a defendant has articulated legitimate nondiscriminatory reasons for the alleged retaliation, the burden shifts back to the plaintiff to show that the proffered reasons are a pretext for discrimination. Sumner, 899 F.2d at 209 (citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981)). "The ultimate burden of persuasion, of course, remains with the plaintiff." Id. Here, Defendants have articulated a number of legitimate, nondiscriminatory reasons for not re-appointing Plaintiff to substitute assistant professor, including dissatisfaction with Plaintiff's performance in that position during the previous academic year, Plaintiff's alleged inappropriate lobbying of students for a tenure-track position,

and shifting departmental needs.  (See Halper Decl. ¶¶ 26-28.)

Plaintiff has raised no facts at all to suggest that Defendants'

proffered reasons are pretextual.  Absent such a showing,

Plaintiff's retaliation claim fails as a matter of law.  See

Gorzynski, --- F.3d ----, 2010 WL 569367, at *16 (2d Cir. 2010).


   IV.   Conclusion

   Having conducted the appropriate levels of review of the

Report and Recommendation of United States Magistrate Judge James

C. Francis dated January 27, 2010, this Court APPROVES, ADOPTS,

and RATIFIES the Report's factual recitations and findings and

recommendations as to Plaintiff's discrimination claim.  (See

Report at 2-19.)  The Court modifies the Report's findings and

recommendations as they pertain to Plaintiff's retaliation claim

as set forth in this Order.  Accordingly, Defendants' Motion for

Summary Judgment is GRANTED in its entirety.  The Clerk of Court

is directed to close the docket in this case.

   SO ORDERED.

   Dated:    New York, New York

            March 23, 2010

                                    _Deborah A. Batts_

                              DEBORAH A. BATTS
                              United States District Judge

11